STEPHANIE YONEKURA
Acting United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
MARK AVEIS (SBN 107881)
STEVEN M. ARKOW (SBN 143755)
BYRON J. MCLAIN (SBN 257191)
Assistant United States Attorneys
Major Frauds Section
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-4477/6975/0637/
    Facsimile: (213) 894-6269
    E-mail:    mark.aveis@usdoj.gov
               steven.arkow@usdoj.gov
               byron.mclain@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 11-963(A)-PSG |
|---|---|
| Plaintiff, | GOVERNMENT'S REPLY RE MOTION UNDER FEDERAL RULE OF EVIDENCE 902; DECLARATION OF BYRON J. MCLAIN |
| v. | |
| JASON RAY PATTERSON, RONALD GEORGE TOMICH, aka "Ronko Tomich," and QUYEN KIET, | Date: December 15, 2014<br>Hearing Time: 11:00 a.m. |
| Defendants. | |

    The government hereby replies to defendant Jason Ray Patterson's untimely response (Dkt. No. 452) (the "Patterson Response") to the government's motion filed pursuant to Federal Rule of Evidence 902 on November 25, 2014 (Dkt. No. 444) (the "Motion").

    The government's reply is based upon the attached memorandum of points and authorities, the Motion, the Patterson Response, the

///
///

attached Declaration of AUSA Byron J. McLain, and such other evidence or argument as the Court may consider.

DATED: December 8, 2014

STEPHANIE YONEKURA
Acting United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division


_____/s/_____
MARK AVEIS
STEVEN M. ARKOW
BYRON J. MCLAIN
Assistant United States Attorneys
Attorneys for Plaintiff
United States of America

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   FACTS

The Motion was filed on November 25, 2014, and seeks an order permitting the government to introduce <u>specifically identified</u> self-authenticating business and public records and FDIC Certificates (the "Records") through a foundation established by declarations of custodians of records or other recognized, acceptable means.[1]  The government first gave defense counsel notice of the government's intention to introduce the Records nearly a year ago, in January 2014.  <u>See</u> Declaration of AUSA Byron McLain ("McLain Declaration"), ¶ 2, filed concurrently with the Motion.  The government also filed a notice of its intention to introduce the Records nearly six months ago (Dkt No. 418).  The record of communications from defense counsel, or more accurately, the lack thereof, in response to the government's effort to introduce the Records without the need for Court intervention has been, until very recently, nearly non-existent.

On December 1, 2014, the parties appeared before the Court for a hearing on the government's motions in limine regarding victim/lender negligence (Dkt. No. 378) and to limit the testimony of defendant Patterson's purported expert witness (Dkt No. 388).  During that hearing, the Court held up for the parties' viewing the Motion and inquired about why the parties had not been able to resolve any differences without the need for the Court's intervention.  The

---

[1]   <u>See</u> Motion, 9:20-28, 10:1-23 (business records); 11:8-16 (certified grant deeds); and 12:1-5 (FDIC Insurance Certificates).

government has given defense counsel ample notice of the Motion, filed the Motion only because defendants had failed to respond to the government's initial pitch in order to obviate even the need for a Motion, and defendants failed to respond to the Motion itself by the time of the December 1, 2014 hearing. The Court then told the parties to meet and confer to attempt to resolve the Motion. The Motion remains on calendar for hearing on December 15, 2014.

Within a reasonably short time after the December 1, 2014 hearing, defense counsel for defendants Tomich and Kiet stipulated to the relief sought by the Motion (i.e., that the Records could be admitted at trial subject only to a relevancy objection).[2] Defense counsel for defendant Patterson acknowledged in an email that she had not even reviewed the Motion yet. McLain Declaration, ¶ 3, Ex. 1 at page 3. She then refused to stipulate and, instead, stated that: "[s]o long as the motion seeks to admit these business records to avoid having to call over 50 different custodians of records, and so long as these business records do not violate the Confrontation Clause and FRE 403, then I have no problem with your motion." Id.

The government promptly requested that defendant Patterson actually state Patterson's position concerning whether the admission of the business records and public records would violate the Confrontation Clause and a legal basis for any objections. McLain Declaration, ¶ 3, Ex. 1 at pages 2-3. The government also asked defendant Patterson to specify which documents from which custodians (if any) Patterson believed violated the Confrontation Clause so that

---

[2] The government likewise stipulated as to similar records that defendants Tomich and Kiet may seek to introduce at trial.

those issues could be resolved before trial. Id. Instead, defendant Patterson refused to identify any objectionable documents and untimely filed the Patterson Response. (Dkt. 452). The Patterson Response solves nothing as to whether numerous custodians will have to be called unnecessarily as witnesses and, moreover, to the extent that it is based on any legal authority (and it identifies none), it raises an objection that the Supreme Court years ago overruled.

Wholly unrelated to the Motion, defendant Patterson has also claimed that he "does not know if [it] is true" that the government has complied with its Brady obligation regarding materials disclosed in early November 2014. Patterson Response, 1:23-28, 2:1-4. Defendant Patterson has not offered any basis for appending this distraction to his response to the Motion.

## II. ARGUMENT

As has been stipulated by all counsel except counsel for defendant Patterson, FRE 902 as read in conjunction with FRE 803(6) and 803(8) permits a court to admit business and public records without the need for a custodian of record or similar qualified witness to testify at trial. Such records are considered self-authenticating and the use of foundation declarations such as those introduced by the government in connection with the Motion can save the Court and a jury an enormous amount of trial time, as well as saving the Court an enormous amount of time by not having to read several inches of documents (like here) where counsel know and observe applicable rules of evidence. See Motion, 7-9.

Defendant Patterson has never claimed that the government's Motion is not based on applicable law. Defendant Patterson's claim

those issues could be resolved before trial. Id. Instead, defendant Patterson refused to identify any objectionable documents and untimely filed the Patterson Response. (Dkt. 452). The Patterson Response solves nothing as to whether numerous custodians will have to be called unnecessarily as witnesses and, moreover, to the extent that it is based on any legal authority (and it identifies none), it raises an objection that the Supreme Court years ago overruled.

Wholly unrelated to the Motion, defendant Patterson has also claimed that he "does not know if [it] is true" that the government has complied with its Brady obligation regarding materials disclosed in early November 2014. Patterson Response, 1:23-28, 2:1-4. Defendant Patterson has not offered any basis for appending this distraction to his response to the Motion.

## II. ARGUMENT

As has been stipulated by all counsel except counsel for defendant Patterson, FRE 902 as read in conjunction with FRE 803(6) and 803(8) permits a court to admit business and public records without the need for a custodian of record or similar qualified witness to testify at trial. Such records are considered self-authenticating and the use of foundation declarations such as those introduced by the government in connection with the Motion can save the Court and a jury an enormous amount of trial time, as well as saving the Court an enormous amount of time by not having to read several inches of documents (like here) where counsel know and observe applicable rules of evidence. See Motion, 7-9.

Defendant Patterson has never claimed that the government's Motion is not based on applicable law. Defendant Patterson's claim

that he needs to preserve his "Confrontation Clause objections, as well all other rights and privileges under the United States Constitution /sic/," is without merit for several reasons. Dkt. 452, Patterson Response at 2. First, despite the government's request that defendant Patterson articulate his objections by document (or even by group of documents), he has not done so and his failure to do so in a timely manner should be deemed a waiver of his objection.

Next, the Supreme Court years ago held that business and public records are <u>not</u> testimonial and, therefore, do not violate the Confrontation Clause. <u>See, e.g., Bullcoming v. New Mexico</u>, 131 S.Ct. 2705, 2714 n. 6 (2011) ("Elaborating on the purpose for which a "testimonial report" is created, we observed in [Melendez-Diaz v. Massachusetts, 557 U.S. 305, 322 (2009)] that business and public records 'are generally admissible absent confrontation ... because—having been created for the administration of an entity's affairs and not for the purpose of establishing or proving some fact at trial—they are not testimonial.'").

Furthermore, even though defendant Patterson perfunctorily claims that "consistent with this meet and confer . . . Mr. Patterson does not object to the . . . [M]otion . . .," in actuality defendant Patterson's position reserving Confrontational Clause objections does not advance resolution of the government's Motion and does not obviate the need for Court intervention. Meeting and conferring would by definition require that good faith arguments be made, if any, and none exist in any opposition to the government's Motion. Patterson Response, 1:17-21.

//

## III. CONCLUSION

For the reasons stated herein, and in the Motion, the government requests that the Motion be granted. Based on the record, the government respectfully requests the Court to take the matter under submission without a hearing, and issue an order granting the Motion so the parties can plan accordingly regarding the custodian trial witnesses.[3]

---

[3] If the Court determines that a hearing is still necessary, the government respectfully requests that a hearing occur on December 15, 2014 and that one of defendant Patterson's two counsel of record appear at the hearing.

## DECLARATION OF BYRON J. MCLAIN

I, Byron J. McLain, declare and state as follows:

1. I am an Assistant U.S. Attorney in the Central District of California and one of the prosecutors assigned to <u>United States v. Allen Dana et. al. (Jason Patterson, Ronald Tomich, Quyen Kiet)</u>, Case No. 11-CR-963(A)-PSG.

2. The government provided to defense counsel on January 24, 2014 a letter that identified as of that date the custodian of records certifications and the associated business records that the government intended to introduce at trial. In that letter, the government stated that it "intends to move to admit at trial portions of the documents identified [in the letter] as government trial exhibits in order to avoid unnecessary and time-consuming testimony of the [] custodians of records as witnesses at trial. The government request[ed] notice, by January 31, 2014, if the defense intend[ed] to challenge the validity of any of the certifications or admissibility of the corresponding documents as business records at trial in order to allow the government sufficient time to respond to any objections, if necessary, with the Court." <u>See</u> Exh. 1 to Dkt. 444.

3. Attached as Exhibit No. 1 to this reply is a true and correct copy of email correspondence between defense counsel for Jason Patterson and the government as referred to in the body of the government's reply.

//
//

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct of my own knowledge, information, or belief and that, if called upon, I would competently testify thereto. Executed on December 8, 2014, at Los Angeles, California.

_____
BYRON J. MCLAIN
Assistant U.S. Attorney